20995

The STATE, Respondent, v. Granville Lewis PATTERSON and
Kenneth McCray Collins, Appellants.
(256 S. E. (2d) 417)

*Irby E. Walker, Jr.,* Myrtle Beach, *for appellants.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes* and *Staff Atty. Buford S. Mabry, Jr.,* Columbia, and *Sol. Hopkins G. Charles,* Conway, *for respondent.*

June 25, 1979.

Ness, Justice:

Appellants were convicted of housebreaking, armed robbery, safecracking, and three counts of assault and battery of a high and aggravated nature. We affirm the conviction of Collins and reverse the conviction of Patterson.

At the time of trial, both appellants were serving prison sentences outside the State, and were brought back to South Carolina under the Interstate Agreement on Detainers Act. Appellant Patterson asserts the trial court abused its discretion in granting the State a continuance after the statutory period for bringing appellant to trial had expired.[1]

Article III(a) of the Interstate Agreement on Detainers Act, contained in Code § 17-11-10 (1976), provides in part:

"Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he *shall* be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided, that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." (Emphasis supplied.)

---

[1] As appellant Collins had been granted a continuance, he does not join Patterson in this argument.

Pursuant to the Act, appellant Patterson's request for a disposition of the charges against him was received by the Horry County Solicitor's Office on August 25, 1977. On May 23, 1978, Patterson moved that the charges against him be dismissed with prejudice as provided by Article IV(e) of the Act. The trial court, however, granted the State a continuance.

It is axiomatic that the decision to grant a continuance is generally within the trial court's discretion. *State v. Harvey,* 253 S. C. 328, 170 S. E. (2d) 657 (1969); *State v. Vaughn,* 268 S. C. 119, 232 S. E. (2d) 328 (1977). The question presented here, however, is whether the trial court has discretion to grant a continuance after the State has failed to comply with the provisions of the Interstate Agreement on Detainers Act which requires trial within 180 days after receipt of demand.

The purpose of the act is to foster the expeditious disposition of charges outstanding against prisoners so as to eliminate the uncertainties which accompany the filing of detainers. *State v. Allen,* 269 S. C. 233, 237 S. E. (2d) 64 (1977); *Hoss v. State,* 283 A. (2d) 629 (Md. App. 1971); *Commonwealth v. Fisher,* 301 A. (2d) 605 (Pa. 1973). The goal of promoting prisoner rehabilitation programs is achieved by requiring the receiving state to proceed to trial within 180 days. *Id.* Accordingly, we read the enactment to provide that any requested continuance may be granted only at or prior to the expiration of the 180 day period prescribed in the statute.

We are aware of two conflicting state court opinions on this issue. In *State v. Lippolis,* 107 N. J. Super, 137, 257 A. (2d) 705 (1969), the Appellate Division of the New Jersey Supreme Court, Judge Kolovsky dissenting, concluded that a motion for continuance should not have been granted after expiration of the 180 day period. The dissent, however, argued that there was no express provision that the continuance had to come within the statutory period,

and concluded that a continuance could be granted for good cause at any time prior to an actual entry of an order dismissing the indictment. The Supreme Court of New Jersey reversed the Appellate Division, in a brief *per curiam* opinion adopting Judge Kolovsky's argument. *State v. Lippolis,* 55 N. J. 354, 262 A. (2d) 203 (1970).

The Supreme Court of Pennsylvania, however, while ■ recognizing the *Lippolis* decision, failed to adopt it in an analogous case. In *Commonwealth v. Fisher, supra,* the Court concluded the mandatory language of the act, particularly when read in light of the statute's purpose, precluded the granting of any motion for continuance after expiration of the 180 day period. We agree with the interpretation of the act given the Court in *Fisher* and conclude the trial court erred in granting the State a continuance in this case. Accordingly, we reverse and remand to the trial court with instructions to issue an order dismissing the charges against appellant Patterson with prejudice.

Both appellants assert the trial court erred in allowing into evidence the testimony of one of the victims concerning her impaired health at the time of the assault. This is without merit.

The trial judge has broad discretion on matters of ■ relevancy. *State v. Anderson,* 253 S. C. 168, 169 S. E. (2d) 706 (1969). As the physical conditions of the parties is pertinent to determining whether circumstances of aggravation are present, the trial court did not abuse its discretion in permitting the testimony. See *State v. Brewington,* 267 S. C. 97, 226 S. E. (2d) 249 (1976).

We reverse the conviction of Patterson and affirm the conviction of Collins.

LEWIS, C. J., and RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., not participating.