Thomas M. FASANO, Petitioner,

v.

Frank HALL et al., Respondents.

Civ. A. No. 78–2851–G.

United States District Court,
D. Massachusetts.

Sept. 10, 1979.

## MEMORANDUM AND ORDER DENYING PETITION

GARRITY, District Judge.

Petitioner was convicted of forging and uttering, larceny, attempted larceny and possession of an altered license to operate motor vehicles in Middlesex County Superior Court on November 10, 1976. On May 9, 1978 the Massachusetts Appeals Court affirmed his convictions, Mass.App.Ct.Adv.Sh. 521, 375 N.E.2d 361. Petitioner's application for further appellate review was denied on August 18, 1978 by the Supreme Judicial Court of Massachusetts.

The petitioner alleges two violations of the Interstate Agreement on Detainers, 18 U.S.C. App., § 2, Mass. G.L. c. 276 App. § 1–1. First, he claims that various provisions of the Agreement require that when the petitioner was brought into the jurisdiction of Massachusetts after the Agreement had been activated concerning the Middlesex County indictments, and when he was not tried on those indictments before being returned to his original place of imprisonment, that those indictments must be dismissed. Secondly, petitioner asserts that Articles III(a) and V(c) of the Agreement require the dismissal of the Middlesex indictments for failure to try him within the mandated 180 day period.

■ Preliminarily the court is satisfied that it has jurisdiction to consider a habeas corpus claim based upon alleged violations of the Interstate Agreement on Detainers, 18 U.S.C. App., § 2. See, *Williams v. State of Maryland*, D.Md.1978, 445 F.Supp. 1216; *Beebe v. Vaughn*, D.Del.1977, 430 F.Supp. 1220; *United States ex rel. Esola v. Groomes*, 1975, 3 Cir., 520 F.2d 830, 840–42 (Garth, J., concurring). Further, the court finds that petitioner has exhausted his claims before the state courts, see *Picard v. Connor*, 1971, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438, and that, since the material facts are undisputed, an evidentiary hearing is not required under *Townsend v. Sain*, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, and the line of decisions flowing from it.

The facts can be briefly stated. Petitioner was indicted by a grand jury in Middlesex County in late 1974. On March 19, 1976 the district attorney of Middlesex County lodged a detainer against him at the Federal Correctional Institution at Danbury, Connecticut, where he was serving a two-year sentence. On April 13, 1976 petitioner filed a request for final disposition of the Middlesex indictments. On April 28, 1976 he was brought from Danbury to Boston pursuant to a writ of habeas corpus ad prosequendum issued from Suffolk County Superior Court. The indictment underlying the Suffolk County writ was completely unrelated to the Middlesex County indictments. On May 17, 1976 the Middlesex district attorney notified Danbury of his acceptance of custody of petitioner, with the intent to try him on May 21, 1976. However, on May 19 Danbury informed the Middlesex district attorney that petitioner had already been sent to Massachusetts on the basis of the Suffolk writ. The Middlesex district attorney had no knowledge of the Suffolk proceedings until informed of them by Danbury and made no effort to secure the petitioner's presence in Middlesex between May 19 and July 15, 1976, when Fasano was transferred back to Danbury. On July 23 Fasano was returned to Massachusetts, to

Middlesex County and appeared in court on July 26, 1976 where defaults on the indictments were removed. A jury trial commenced on November 8, 1976 and on November 10, 1976 petitioner was convicted on all counts.

### I

█ Petitioner asserts that the language of the Agreement, particularly Article IV(e), requires the dismissal of the indictments underlying the Middlesex detainer inasmuch as petitioner was returned to Danbury after the completion of proceedings in Suffolk County but before he was tried on the Middlesex indictments. Article IV describes the process by which a prosecutor may obtain custody of a prisoner against whom he has lodged a detainer. Article IV concludes with this remedial section: "(e) If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." It seems clear that any indictment which is "contemplated hereby" under Article IV(e) must be an untried indictment which underlies the original detainer and request by which custody of the prisoner was secured. See *United States v. Mauro*, 1978, 436 U.S. 340, 345 n. 4, 98 S.Ct. 1834, 56 L.Ed.2d 329. From the facts here it is certain that Middlesex intended to try petitioner on the indictments which underlay its detainer. The Suffolk County indictment was completely unrelated to the Middlesex ones. Petitioner is not alleging that Suffolk County's use of a writ of habeas corpus ad prosequendum activates and thereby violates the Agreement since *Mauro, supra*, holds to the contrary. Rather, his argument is more akin to that advanced in *United States v. Ford*, 1978, 436 U.S. 340, 345–348, 98 S.Ct. 1834, 56 L.Ed.2d 329, the companion case to *Mauro*, where the same federal authority lodged a detainer and then twice resorted to a writ of habeas corpus ad prosequendum to se-

cure Ford's temporary custody from state officials. The Supreme Court forbade the practice followed in *Ford* of lodging a detainer and then circumventing the Agreement by using a habeas. However, a crucial distinction between this case and *Ford* is that petitioner here was subject to two different sets of indictments, whereas *Ford* dealt with the same underlying charge.

█ In our opinion there was no attempt to evade or circumvent the Agreement by the Middlesex district attorney. Nor under *Mauro* and *Ford* can we find that Article IV(e) was violated, since the prisoner was not first removed from Danbury by the entity which lodged the detainer, Middlesex, but by a different entity, Suffolk, which chose to proceed without a detainer. Nor do we agree with petitioner's argument that Middlesex, upon learning that petitioner had been transferred to Suffolk, by not insisting at that time upon its entitlement to temporary custody of Fasano, did thereby "fail to accept temporary custody" and that as a result the Middlesex indictments should have been dismissed pursuant to Article V(c). This argument implies an obligation not found in the Act. Acceptance of custody connotes an offer or tender of custody, which simply did not occur in this instance.

### II

Petitioner's second argument is that Articles III(a) and V(c) of the Agreement provide that unless the petitioner is tried on the indictments underlying the detainer within 180 days after he is brought into the prosecutor's jurisdiction the indictments must be dismissed. However Article III(a) also provides "that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

On April 13, 1976 petitioner filed his request to be tried within 180 days under Article III. The 180th day was October 10, 1976. On October 7, 1976 petitioner's case was called for trial. Although there is

some dispute as to whether petitioner was expected to plead guilty on October 7, there is no dispute that it was on that day he filed a motion to dismiss the indictments based on the violations of the Agreement treated in the first section of this memorandum of decision. At that time a continuance was granted until October 15 so that the prosecutor could study the law and respond to the issues raised in the motion.

On October 15 the judge continued the case until November 2, although neither petitioner nor his counsel was present. On November 2 the motion was argued and denied, and trial was set down for and commenced on November 8, the 209th day after petitioner's request was filed.

 In our opinion the continuance of October 7 was granted for good cause shown and is completely proper under the statute. The October 15 continuance is another matter, for on that date neither petitioner nor his appointed counsel was present when a further continuance was granted; thus there would appear to have been a literal violation of Article III(a). The Massachusetts Appeals Court determined that petitioner had waived so much of the 180 day period as was required to resolve the questions raised in his last minute motion to dismiss. We agree; and adopt the rationale of the Appeals Court, as follows:

> The orderly administration of justice required that the motion be heard and determined before any trial could commence. We are of the opinion that the presentation of the motion to the assistant district attorney on October 7 with the announced intention of filing it operated as a waiver of so much of the 180-day period as should be reasonably necessary to secure a judicial resolution of the questions raised by the motion.

Accordingly, it is ordered that the petition be denied.