21082

The STATE, Respondent, v. Hubert P. HOLBROOK and Russell Stanley Holbrook, Appellants.

(260 S. E. (2d) 181)

*H. F. Partee* and *Jesse A. McCall, Jr.,* Greenville, *for appellants.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Sally G. Young,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

November 13, 1979.

LEWIS, Chief Justice:

Appellants, convicted in Greenville County of housebreaking and grand larceny, appeal on the ground, among others, that the lower court erred in denying their motion to dismiss the charges against them for lack of a speedy trial within the time limitations of the Interstate Agreement on Detainers Act, S. C. Code (1976), Section 17-11-10, *et seq.* We reverse.

During 1977, the appellants were arrested and incarcerated in Rome, Georgia. Pursuant to the terms of the Interstate Agreement on Detainers Act, the State acquired their return to this jurisdiction to stand trial on the aforementioned charges. On June 14, 1978, they were placed in the Greenville County Detention Center, and on September 21, 1978 they indicated to the solicitor that they wished to plead guilty. However, on the same day, appellant Hubert Holbrook elected not to plead and the State subsequently withdrew its offer to allow the other appellant to plead guilty. Their case was called for trial on October 16, 1978. At no time, during the 124 days of incarceration in this jurisdiction prior to trial, did the State make a motion for continuance; nor does legal ground appear to excuse the failure to so move. The appellants made a motion for dismissal of charges with prejudice at the start of the trial, which the trial judge denied. Their motion should have been granted.

The relevant sections of the Interstate Agreement on Detainers Act, Section 17-11-10, *supra,* provides as follows:

IV (c) In respect of any proceedings made possible by this Article, trial shall be commenced within one hundred

6

twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

V(c) . . . in the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

We have previously considered, in *State v. Patterson et al.,* S. C., 256 S. E. (2d) 417 and *State v. Allen,* 269 S. C. 233, 237 S. E. (2d) 64, the nature of the time constraints imposed by the Act. In accord with these prior decisions, the 120 day time limitation imposed under Article IV(c) is mandatory and required dismissal of the charges against appellants with prejudice.

Because of our disposition of this matter, we need not consider the appellants' other assignment of error.

Accordingly, these cases are remanded and the lower court is directed to enter orders of dismissal with prejudice concerning both appellants.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.