21691

The STATE, Respondent, v. Douglas Daniel FINLEY, Appellant.

(290 S. E. (2d) 808)

*Asst. Appellate Defender David W. Carpenter, of S. C. Commission of Appellate Defense,* and *Asst. Public Defender Venable Vermont, Jr.,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Martha L. McElveen* and *Sol. James C. Anders,* Columbia, *for respondent.*

April 13, 1982.

GREGORY, Justice:

This case involves the Interstate Agreement on Detainers (I.A.D.) 18 U.S.C.A. App. (1980), South Carolina Code Ann. §§ 17-11-10 through 17-11-80 (1976). Appellant Finley was indicted and convicted of murder, assault and battery with intent to kill, and carrying an unlawful weapon. He appeals from a denial by the lower court to dismiss the action due to the expiration of the one hundred twenty day period within

which trial should have been commenced pursuant to Article IV(c) of I.A.D. We affirm.

Appellant, a parolee from the federal penitentiary in Atlanta, was in South Carolina when he committed these crimes. After being released on bail by the South Carolina authorities, he was re-incarcerated in Georgia for violation of the conditions of federal parole.

The Richland County solicitor filed a request under Article IV of I.A.D. for temporary custody of appellant to try him for the crimes charged. Appellant arrived at the Richland County jail on July 29, 1980. On September 16, 1980, appellant filed a motion with the circuit court to have certain out-of-state witnesses ruled material so they could be brought to South Carolina at the State's expense. The motion was heard September 29, 1980 and taken under advisement. On December 8, 1980, a ruling on the motion had not been made, and appellant moved to have the charges dismissed because of the State's failure to bring him to trial within one hundred twenty days after his arrival.

The circuit judge hearing the motion to dismiss ruled that the circuit judge who took under advisement appellant's motion to have certain out-of-state witnesses ruled material had in effect granted a continuance thereby tolling the one hundred twenty day period. The case was tried January 27, 1981, and resulted in conviction. Appellant raises three exceptions on appeal.

First appellant argues the circuit judge erred in denying his motion to dismiss due to the expiration of the one hundred twenty day period without commencement of trial. We disagree.

The purpose of I.A.D. is to foster the expeditious disposition of charges outstanding against prisoners so as to eliminate uncertainties which accompany the filing of detainers. *State v. Patterson*, 273 S. C. 361, 256 S. E. 2d 417 (1979). Article IV(c) of I.A.D. provides:

". . . trial shall be commenced within one hundred twenty days of the arrival of the prisoner within the receiving state, but for good cause shown in open court, the prisoner or his

counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." We held in *State v. Holbrook,* 274 S. C. 4, 260 S. E. (2d) 181 (1979), that the one hundred twenty day period is mandatory. Thus, the issue raised is whether the court granted a continuance which satisfies the exception stated in Article IV(c).

In *State v. Vaughn,* 296 N. C. 167, 250 S. E. (2d) 210 (1978), the court held that a request the trial be continued so that witnesses might be delivered waived defendant's right to trial within one hundred twenty days. In *People v. Grubbs,* 39 Colo. App. 436, 570 P. (2d) 1299 (1977), the court stated that delays incurred with defendant's acquiescence or as an accommodation to him were not included in calculating the one hundred twenty day period. In the instant case, appellant's motion was the cause of the delay; the prosecution indicated it was ready to proceed to trial. When the circuit judge took the motion under advisement, a continuance was implicitly granted and the one hundred twenty day period tolled for a reasonable time until a ruling was made. See *Fasano v. Hall,* 476 F. Supp. 291 (D. Mass. 1979), aff'd 615 F. (2d) 555 (1st Cir. 1980). We find the period tolled was reasonable. We believe a defendant cannot cause the delay in the trial and then expect dismissal of the charges because the case was not tried within the one hundred twenty day period.

Second appellant argues the trial judge erred in refusing to charge the jury the theory of "imperfect self-defense." If believed by the jury, appellant contends an actual, although unreasonable, belief that he was in imminent danger of bodily harm is a defense to the charge of murder which reduces the crime to voluntary manslaughter. This is not the law in South Carolina. Heretofore, we have fully addressed the law of self-defense and its component elements. See *State v. Hendrix,* 270 S. C. 653, 244 S. E. (2d) 503 (1978). Appellant's actual belief of imminent danger must be such that a reasonable prudent man of ordinary firmness and courage would have entertained the same belief.

Finally, appellant argues the trial judge erred in charging the burden of proving self-defense by a preponderance of the evidence was on the appellant. We again adhere to our reasoning in *State v. Bolton*, 266 S. C. 444, 223 S. E. (2d) 863 (1976) in holding that the plea of self-defense as an affirmative defense does not deprive a defendant of due process.

Accordingly the verdict of the lower court is

Affirmed.

LEWIS C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.