23402

Thomas Junior CASEY, Petitioner v. STATE of South Carolina, Respondent.
(409 S.E. (2d) 391)

Supreme Court

*Assistant Appellate Defender Daniel T. Stacey, of South Carolina Office of Appellate Defense, Columbia, for petitioner.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, and Asst. Atty. Gen. W. Teresa Nesbitt, Columbia, for respondent.*

Heard April 1, 1991.

Decided Sept. 9, 1991.

CHANDLER, Justice:

Opinion No. 23402 (filed May 20, 1991) is vacated and the following substituted in its place.

In this Post-Conviction Relief (PCR) matter, we granted certiorari, pursuant to *Davis v. State*,[1] to review the direct appeal issues of Petitioner, Thomas Junior Casey (Casey).

We reverse.

## FACTS

On October 28, 1976, Casey shot and killed Howard Westbrook (Victim) with a shotgun. According to testimony of the only available eyewitness, Janie Marlowe (Marlowe), sister of Casey, Victim threatened to "cut" Casey as he sat in his car in Marlowe's front yard. When Victim approached the car, Casey exited with a shotgun. Marlowe observed a scuffle over the gun between Casey and his cousin, Linda, a passenger in the car. While headed back to her house, Marlowe heard a shotgun blast. She turned and saw that Victim had been shot, from which injury he died.

At trial, the judge refused Casey's request to charge the law of involuntary manslaughter; he did, however, charge the law of murder, voluntary manslaughter, accident and self-defense. Casey was found guilty of murder and sentenced to life.

## ISSUE

Did the Court err in refusing to charge the law of involuntary manslaughter?

---

[1] 288 S.C. 290, 342 S.E. (2d) 60 (1986).

## DISCUSSION

It has long been the law in this State that "to warrant the court in eliminating the offense of manslaughter it should very clearly appear that there is *no evidence whatever* tending to reduce the crime from murder to manslaughter." *State v. Norris*, 253 S.C. 31, 35, 168 S.E. (2d) 564, 565 (1969) [citing *State v. Gardner*, 219 S.C. 97, 64 S.E. (2d) 130 (1951)] (Emphasis supplied). Moreover, our cases consistently hold that a request to charge a lesser included offense is properly refused only when there is no evidence that the defendant committed the lesser rather than the greater offense. *See State v. Goldenbaum*, 294 S.C. 455, 365 S.E. (2d) 731 (1988).

Manslaughter is the unlawful killing of another without malice. S.C. Code Ann. § 16-3-50 (1985). To constitute involuntary manslaughter, there must be a finding of criminal negligence, statutorily defined as a reckless disregard of the safety of others. S.C. Code Ann. § 16-3-60 (1985).

Evidence of a struggle between a defendant and a Victim over a weapon is sufficient for submission of an involuntary manslaughter instruction to the jury. *See State v. Patrick*, 289 S.C. 301, 345 S.E. (2d) 481 (1986). This principle is no less applicable where the defendant, in struggling with a third person over a gun, shoots the victim.

Here, Marlowe's testimony supports an involuntary manslaughter charge. Accordingly, the trial court erred in refusing the charge, and the case is reversed and remanded for a new trial.[2]

In light of our holding, we need not address Casey's remaining exception.

Reversed and remanded.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.

---

[2] To the extent that our holding in *State v. Patrick*, 289 S.C. 301, 345 S.E. (2d) 481 (1986), is inconsistent with this opinion, it is overruled.