24036

STATE of South Carolina, Respondent v. Glenn FIELDS, Petitioner.

(442 S.E. (2d) 181)

Supreme Court

*Assistant Appellate Defenders M. Anne Pearce* and *Wanda H. Haile* both of *S.C. Office of Appellate Defense*, Columbia, *for petitioner.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Senior Asst. Atty. Gen. Harold M. Coombs, Jr., Asst. Atty. Gen. Alice C. Broadwater*, Columbia, and *Sol. Holman C. Gossett, Jr.*, Spartanburg, *for respondent.*

Heard Jan. 4, 1994.

Decided Mar. 21, 1994. Reh. Den. Apr. 21, 1994.

MOORE, Justice:

This case is before us on a writ of certiorari to review the Court of Appeals' decision in *State v. Fields*, Op. No. 92-UP-133 (S.C. Ct. App. filed September 30, 1993). We affirm as modified.

## FACTS

The victim in this case was severely beaten by a group of people in a parking lot after a drug transaction and died as a

result two months later. Appellant was indicted for murder as follows:

> that Glenn Fields did in Spartanburg County on or about the 16th day of November 1988 feloniously, wilfully and with malice aforethought beat and/or aid and abet others in beating Steven Allen Greer with fists and/or various other weapons and that Steven Allen Greer died as a proximate result thereof.

At trial, the State presented evidence that appellant participated in beating the victim by kicking him while he was on the ground. Appellant testified he only pushed the victim from behind and the others then beat him. Appellant claimed he acted in self-defense because he thought the victim had a gun and was about to shoot someone. He denied any participation in the beating.

Appellant was convicted of voluntary manslaughter. On appeal, he claimed the trial judge erred in refusing his request to charge simple assault and battery (AB) and assault and battery of a high and aggravated nature (ABHAN) as lesser included offenses of murder. The Court of Appeals found no error.

## ISSUE

Was appellant entitled to a charge on AB and ABHAN as lesser included offenses?

## DISCUSSION

In holding appellant was not entitled to a charge on AB and ABHAN, the Court of Appeals relied on *State v. Patrick,* 289 S.C. 301, 345 S.E. (2d) 481 (1986), which was overruled by this Court in *Casey v. State,* 305 S.C. 445, 409 S.E. (2d) 391 (1991). We disavow the Court of Appeals' analysis but reach the same result and therefore affirm as modified herein.

Whether AB and ABHAN are lesser included offenses of murder is a novel question in this State. We now hold where there is no dispute the victim died as a result of the battery alleged in the indictment, AB and ABHAN are not lesser included offenses of murder. *See Martin v. State,* 342 So. (2d) 501 (Fla. 1977); *Commonwealth v. Myers,* 356 Mass. 343, 252 N.E. (2d) 350 (1969).

In this case, appellant was charged with murder for his alleged participation in the victim's beating.[1] There is no dispute that the victim died as a result of the battery alleged in the indictment, i.e. the beating. We conclude AB and ABHAN are not lesser included offenses of murder in this case.

Affirmed as modified.

CHANDLER, FINNEY and TOAL, JJ., concur.

HARWELL, C.J., not participating.

---

[1] Where two persons combine to commit an unlawful act and in its execution a homicide is committed as a probable or natural consequence thereof, all present and participating in the unlawful act are as guilty as the one who committed the fatal act. *State v. Crowe*, 258 S.C. 258, 188 S.E. (2d) 379 (1972).