Justice PLEICONES.
I respectfully dissent. In my view, the trial court erred in declining to give a charge on involuntary manslaughter and *317 the Court of Appeals erred in affirming that decision. I would reverse and remand for a new trial.
Involuntary manslaughter is defined as the unintentional killing of another without malice while engaged in either (1) the commission of some unlawful act not amounting to a felony and not naturally tending to cause death or great bodily harm, or (2) the doing of a lawful act with a reckless disregard for the safety of others. State v. Tucker, 324 S.C. 155, 478 S.E.2d 260 (1996). In determining whether the evidence requires a charge on a lesser included offense, the facts are viewed in a light most favorable to the defendant. State v. Byrd, 323 S.C. 319, 321, 474 S.E.2d 430, 431 (1996). A jury charge must be given if there is any evidence in the record to support the charge. State v. Tucker, supra.
The majority holds that Sams was not entitled to an involuntary manslaughter charge because there is no evidence that Frazier’s death was unintentional. I disagree. The majority states that Sams’ testimony that he did not intend to kill Frazier is “not singularly dispositive” of his entitlement to a charge for involuntary manslaughter in this case. I agree that this statement, standing alone, does not entitle Sams to such a charge. It is, however, some evidence of one element of the offense of involuntary manslaughter, that is, that the victim’s death was unintentional. In addition, the circumstances under which the death occurred are such that the jury could have concluded that it was not Sams’ intention to kill Frazier. Further, in determining the existence of evidence of intent, I believe we err when we focus on whether the defendant intended to commit the act which led to the victim’s death, rather than on whether he intended the consequence of his intentional act, that is, the victim’s death. As we have explained in defining involuntary manslaughter, “Recklessness is a state of mind in which the actor is aware of his or her conduct, yet consciously disregards a risk which his or her conduct is creating.” State v. Pittman, 373 S.C. 527, 571, 647 S.E.2d 144, 167 (2007) (internal citation omitted).
In my opinion, the facts of this case are more akin to those situations where a struggle between the defendant and the victim led to the unintended death of the victim. See e.g. State v. Light, 378 S.C. 641, 664 S.E.2d 465 (2008) (holding that an *318 involuntary manslaughter charge was appropriate where defendant attempted to take gun from victim, and gun went off immediately after defendant jerked it away from the victim); Tisdale v. State, 378 S.C. 122, 662 S.E.2d 410 (2008) (holding that an involuntary manslaughter charge was warranted where defendant and victim fought for gun, and it “went off’ while still in victim’s hands). In this case, Sams testified that he never intended to hurt or kill Frazier, but rather that he sought merely to restrain him until the police arrived. This is evidence from which a jury could find the restraint was done with reckless disregard of Frazier’s safety. In my opinion, viewing the evidence in the light most favorable to Sams as we must, an involuntary manslaughter charge was warranted in this case. State v. Byrd, supra; State v. Tucker, supra.
Finally, I disagree that the jury could not find that Sams had acted lawfully without also finding that he acted in self-defense. As we have repeatedly held, a jury charge on both self-defense and involuntary manslaughter may be given on the same record.[4] While the majority suggests Sams would be entitled to an involuntary manslaughter charge only under a theory of imperfect self-defense, I find evidence in this record from which a jury could find either self-defense or involuntary manslaughter.[5]
For these reasons, I would reverse and remand for a new trial.

. See State v. Crosby, 355 S.C. 47, 584 S.E.2d 110 (2003) (improper to hold that any evidence of an intentional shooting negates evidence from which any other inference may be drawn); Casey v. State, 305 S.C. 445, 409 S.E.2d 391 (1991) (error by trial court in not charging involuntary manslaughter, even though the trial court charged murder, voluntary manslaughter, accident, and self-defense).

. It is true, as the majority states, that this Court in Douglas v. State, 332 S.C. 67, 75, 504 S.E.2d 307, 311 (1998) fn. 4, indicated that a claim of imperfect self-defense has no application to involuntary manslaughter. Douglas cites McAninch, The Criminal Law of South Carolina 163 (3rd Ed. 1996) as authority for this proposition. In this passage, however, McAninch cites only State v. Finley, 277 S.C. 548, 290 S.E.2d 808 (1982) as rejecting imperfect self-defense as a means to reduce a murder to manslaughter. In Finley, the defendant sought only a voluntary manslaughter charge, not an involuntary manslaughter charge. In my opinion, it is more accurate to say we have not yet decided whether imperfect self-defense can support an instruction on involuntary manslaughter as Finley did not address that issue.