DEAN v. COUNTY OF SPARTANBURG.

CONSTITUTION—DIETING PRISONERS.—THE ACT OF 1896 (22 Stat., 226),
    providing for dieting prisoners at twenty cents per day, is local and
    special, and prohibited by sec. 34, of art. III., of the Constitution.
    *Williams* v. *Kershaw Co.,* 56 S. C., 400, *affirmed.*

Before TOWNSEND, J., Spartanburg, February, 1899. Re-
versed.

Account by Geo. B. Dean, sheriff, against county of Spar-
tanburg for dieting prisoners. From Circuit decree sustain-
ing action of county supervisor and his board, plaintiff ap-
peals.

*Messrs. Simpson & Bomar,* for appellant, cite: 56 S. C.,
400; 22 Stat., 226, 494; sec. 34, art. III., Con.; 51 S. C., 51.

*Messrs. D. E. Hydrick* and *Stanyarne Wilson,* contra,
cite: 22 Stat., 739; 39 S. C., 5; 37 S. C., 558; art. III., sec.
17, Con., and sec. 34; 50 Mo., 317.

November 27, 1900. The opinion of the Court was de-
livered by

MR. JUSTICE GARY. The record contains the following
statement of facts: "Geo. B. Dean is, and was at the times
hereafter stated, sheriff of the county of Spartanburg. In
the fall of 1898, he presented to the supervisor and county
board of commissioners for the county of Spartanburg his
account against the county of Spartanburg, and among other
items therein charged against the county was a bill for diet-
ing prisoners, in his charge, for the month of June, 1898—
the said account of such dieting being made out at thirty
cents per day for each prisoner. In due course of business
the account was acted upon by the supervisor and county
board of commissioners, and the account for dieting prison-
ers for that month was reduced to the sum of $67.90, the rate

allowed by the said supervisor and commissioners being twenty cents instead of thirty cents as charged. From the decision of the said supervisor and board of commissioners disallowing his claim as presented, Geo. B. Dean appealed to the Circuit Court for Spartanburg County." His Honor, the Circuit Judge, dismissed the appeal, whereupon the plaintiff appealed to this Court, on the following exceptions: "1. Because the proper construction of the various acts relating to the fees of sheriffs for dieting prisoners, to wit: section 2561 of Revised Statutes of 1893—the act of March 9th, 1896—the act of March 2d, 1897—the act of February 16th, 1898, and the act of February 19, 1898—is that under the law of South Carolina at this time, the legal fees for dieting prisoners in Spartanburg County is thirty cents per day, and that the Circuit Judge erred in not so holding. 2. Because the Circuit Judge erred in not holding that the legal fees for dieting prisoners in Spartanburg County are thirty cents per day, for the reason that the acts of 1896, 1897 and of February 19th, 1898, particularly the act of March 2, 1897, are all unconstitutional and void, in that: (a) They are local and special laws, fixing the amount and manner of compensation to be paid to a county officer, and, therefore, in violation of subdivision 10, sec. 34, art. III., of the Constitution. (b) They are local or special laws, fixing the amount and manner of compensation to be paid to a county officer, that are not graded in proportion to population and necessary service required, and, therefore, in violation of subdiv. 10, sec. 34, art. III., of the Constitution. (c) They are local or special laws, enacted where a general law could have been applicable, and, therefore, in violation of subdiv. 11, sec. 34, art. III., of the Constitution. 3. Because the Circuit Judge erred in holding that the first section of each of the acts hereinbefore mentioned was constitutional, and fixed the compensation of sheriffs at twenty cents per day, even if the second section of said acts and the provisos thereof were unconstitutional."

The pivotal question in this case is whether the acts mentioned in the exceptions are unconstitutional. At the time

the Constitution of 1895 was adopted, sheriffs were allowed under sec. 2561 of the Rev. Stat. thirty cents per diem for dieting prisoners in jail. In 1896, an act was passed (22 Stat., 226,) entitled "An act to regulate the dieting of all prisoners before and after conviction, when in the custody of the supervisors and sheriffs of this State," allowing only twenty cents per diem for dieting prisoners in jail, but providing that it should not apply to the counties of Marion, Charleston, Colleton, Barnwell, Richland, Berkeley, Sumter, Spartanburg, Kershaw, Anderson, Pickens, Williamsburg, Newberry, Union, Georgetown, Aiken, Beaufort, Lexington, Clarendon, Oconee, York, Abbeville and Darlington. In 1897, that act was amended (22 Stat., 494,) by striking out Spartanburg County in the proviso exempting certain counties from the operation of said act. An act was passed on the 16th of February, 1898, (22 Stat., 740,) entitled "An act to amend sec. 2437 Gen. Stat., being section 2561 Rev. Stat., by adding at the end of said section a proviso allowing only twenty-five cents per day for dieting prisoners in the jail in Charleston and Aiken counties." The act then proceeds to state how it will read as amended, and sets forth the items : Dieting prisoners in jail per day, thirty cents. On the 19th of February, an act was passed (22 Stat., 739,) entitled "An act to amend an act entitled 'An act to amend section 2 of an act entitled "An act to regulate the dieting of all prisoners before and after conviction, when in the custody of the supervisor and sheriffs of the State," approved the 9th day of March, 1896,' approved 2d day of March, 1897, so far as the same relates to Beaufort County." Sec. 34, art. III., of the Constitution contains the following provision: "The General Assembly of this State shall not enact local or special laws concerning any of the following subjects, or for any of the following purposes, to wit: * * * To fix the amount or manner of compensation to be paid to any county officer, except that the laws may be so made as to grade the compensation in proportion to the population and necessary service required. XI. In all other cases, where a general law can

be made applicable, no special law shall be enacted.   XII.
The General Assembly shall forthwith enact general laws
concerning said subjects for said purposes, which shall be
uniform in their operations: *Provided,* That nothing con-
tained in this section shall prohibit the General Assembly
from enacting special provisions in general laws."   The act
of 1896, *supra,* shows upon its face that the legislature did
not intend "to grade the compensation in proportion to the
population and necessary services required."   The number
of counties embraced within the provisions of the act and
those exempt from its operation are about equal.   Counties
having a large population and those having a small popula-
tion are to be found on each of said lists.   The copulative
conjunction is used in the Constitution, and shows that in
grading the compensation, it must not only be in proportion
to the necessary service required, but also in proportion to
the population.   If this requirement of the Constitution had
been complied with, it would have been necessary to divide
the counties into more than two classes—those affected by
the act and those exempt under the proviso in it.   The act of
1896 was local and special, and, therefore, was prohibited by
the Constitution.   The Circuit Judge ruled that even if sec-
tion two of the act of 1896 was unconstitutional, the first sec-
tion thereof was valid, and that Spartanburg County was
included within its provisions.   We cannot accept this con-
struction, as it would make the provisions of the act applica-
ble to those counties which the legislature in express lan-
guage had shown it was intended to exempt from the opera-
tion of said act.   This is not a case where effect can be given
to a portion of an unconstitutional act.   It is also contended
that the act of 1896 falls under the proviso in subdivision
XII., hereinbefore mentioned, which is as follows: *"Pro-
vided,* That nothing contained in this section shall prohibit
the General Assembly from enacting special provisions in
general laws."   It is manifest from even a casual reading of
the Constitution that "local or special laws" and special pro-
visions in general laws do not mean the same thing, and that

8—59

they were intended to be construed in such a manner that
neither would practically destroy the force of the other.

Furthermore, as the act of 1896 was not a "general law,"
it did not come within the purview of the said proviso.    In
order that a law may be general, it must be of force in every
county in the State, and while it may contain special provi-
sions making its effect different in certain counties, those
counties cannot be exempt from its entire operation.    Hav-
ing reached the conclusion that the act of 1897 is unconstitu-
tional, it necessarily follows that the acts amendatory thereof
are without force and effect.

Respondent's attorneys gave due notice that they would
ask the Supreme Court to sustain the judgment below upon
the following additional grounds: "Respondent's attorneys
made and argued the point on Circuit that the acts of 1898
(Nos. 456 and 457, 22 Stat., pages 739 to 741,) could not be
construed to apply to Spartanburg County, or to the dieting
fees of prisoners in jail in said county fixed by prior acts: Be-
cause (1) the acts of 1898 purport to amend section 2561 of
the Revised Statutes of 1893 and the acts of 1896 and 1897
only so far as the same relate to the dieting of prisoners in
the counties of Charleston and Aiken and Beaufort, and do
not purport to be the general acts.    Therefore, such con-
struction would make them conflict with art. III., sec. 17, of
the Constitution, which is: 'Every act or resolution having
the force of law shall relate to but one subject and that shall
be expressed in the title.'    Because (2) the acts of 1898 do
not revive and restore the provisions of sec. 2561 of the Rev.
Stat. of 1893, as to the dieting fees of prisoners, which provi-
sions had been repealed by the acts of 1896 and 1897, at least
so far as they were in conflict with the provisions of said
acts.    Because (3) the acts of 1898 are in conflict with the
provisions of art. III., sec. 34, subdivs. 10 and 11, of the
Constitution."    The act of 1896 has been shown to be un-
constitutional, and even if the act of 1898, amending section
2561 of the Rev. Stat., was also declared to be unconstitu-
tional, it would not benefit the respondent, as the fees in that

event would have been determined by section 2561 of the Rev. Stat., which allows thirty cents per diem. The respondent's attorneys requested permission to review the case of *Williams* v. *Kershaw County,* 56 S. C., 400. The views which have just been expressed render this unnecessary, as in that case the question whether the act of 1896 was unconstitutional was not involved, and even if that case was overruled, it would not benefit the respondent. We may say, however, that we see no reason for receding from the principles therein announced.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case be remanded to that Court for such further proceedings as may be necessary to carry into effect the views herein announced.

MR. JUSTICE POPE *concurs in the result.*