21941

The STATE, Respondent, v. Jasper BUCHANAN, Appellant.

(304 S. E. (2d) 819)

*Asst. Appellate Defender Tara D. Shurling of S. C. Com'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carolyn M. Adams,* Columbia, and *Sol. J. Dupre Miller,* Bennettsville, *for respondent.*

June 28, 1983.

HARWELL, Justice:

Appellant alleges the trial court erred in convicting and sentencing him for two acts of contempt. We affirm one conviction and sentence but reverse the other.

Appellant is serving a twenty-five year sentence for armed robbery and a consecutive thirty-year sentence for manslaughter. We affirmed his conviction and sentence on direct appeal and on appeal from the denial of post-conviction relief. *State v. Buchanan,* Op. No. 80-MO-43; *Buchanan v. State,* Op. No. 82-MO-336.

The present appeal arises from an incident which occurred during a meeting with appellant, the trial court, and an attorney from the Attorney General's office. The meeting concerned several motions that appellant had filed in the Darlington County Clerk of Court's office. Apparently, appellant had drafted the motions without an attorney's aid, and, at best, they were vague and confusing. Consequently, the Attorney General's office was unable to determine in what action appellant had filed the motions. As a result, the court called the meeting to determine appellant's intentions.

During the meeting, the trial court determined that appellant had attempted to make several motions: a petition for a Writ of Habeas Corpus, a motion for leave to proceed in forma pauperis, and a motion for appointment of counsel. Appellant was not represented by counsel at the meeting, but the court appointed one to represent him at his subsequent proceedings.[1]

Appellant interjected objections throughout the meeting, alleging that he had been denied due process and equal protection because the state and the court did not have the papers he had filed, because he did not have an attorney present, and because the state had not prepared his case. The court at-

---

[1] Counsel represented appellant at trial, at his post-conviction relief hearing and on his direct and post-conviction relief appeals.

tempted to explain that the appellant was not on trial, that the meeting was merely to clarify the motions, and that an attorney would be appointed to represent him in any adversary hearings.

Although appellant's conduct throughout the meeting revealed he was frustrated, his behavior did not reach the contempt level until the meeting was adjourning. Then the following altercation occurred:

> Mr. Buchanan: I move ... (as he grabs documents)
> Court: I'll hold you in contempt of court if you make another ...
> Mr. Buchanan: Hold it. I move that I be moved out of here.

The court immediately held appellant in contempt and sentenced him to six months of imprisonment to run consecutive to his current sentence. Within a few seconds, appellant asked that the judge recuse himself because he was prejudiced and would not give appellant a fair trial. The court then sentenced appellant to a second six-months term.

We conclude that the first altercation constituted criminal contempt, but the second one did not. The power to punish for contempt, inherent in all courts, is essential to the preservation of order in judicial proceedings. *Curlee v. Howle*, 277 S. C. 377, 287 S. E. (2d) 915 (1982). Appellant's behavior displayed a lack of respect for our judicial system. The judge properly convicted and sentenced appellant for that contemptuous outburst. However, we conclude appellant's request that the judge recuse himself did not constitute contempt.

Therefore, we affirm one conviction and sentence of contempt, and reverse the second. Because appellant's sentence for criminal contempt consists of one six-month term of imprisonment, he is not entitled to a jury trial. *Codispoti v. Pennsylvania*, 418 U. S. 506, 94 S. Ct. 2687, 41 L. Ed. (2d) 912 (1974).

Appellant also alleges his Sixth Amendment right to counsel was violated when he appeared at the meeting without an appointed attorney. We disagree. The court was not conducting an adversarial proceeding; it merely met with appellant to determine what motions he had attempted

to file, and what proceedings, if any, would be necessary to dispose of those motions. Ironically, one of the motions was one for appointment of counsel. The court granted it. Appellant's reliance on *Argersinger v. Hamlin,* 407 U. S. 25, 92 S. Ct. 2006, 32 L. Ed. (2d) 530 (1972) is misplaced. *Argersinger* grants a criminal defendant the right to representation at trial. That right has been extended to "critical stages" where there is at least a reasonable possibility of prejudice to a defendant in the defense of his case. *Kirby v. Illinois,* 406 U. S. 682, 92 S. Ct. 1877, 32 L. Ed. (2d) 411 (1973); *State v. Williams,* 263 S. C. 290, 210 S. E. (2d) 298 (1974). Here, at the meeting between appellant and the court was not a critical stage in appellant's defense.

Accordingly, we affirm appellant's six-months sentence for contempt. We reverse the second conviction and sentence.

Affirmed in part; reversed in part.

LEWIS, C. J., NESS and GREGORY, JJ., and FRANK EPPES, Acting Associate Justice, concur.