22210

The STATE, Respondent, v. Henry HARDY, Jr., Appellant.

(325 S. E. (2d) 320)

Supreme Court

*Appellate Defender John L. Sweeny, Deputy Appellate Defender William Isaac Diggs* and *Asst. Appellate Defender Daniel T. Stacey, S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *State Attys. Agnes Dale Moore, Susan A. Lake* and *Norman Mark Rapoport,* Columbia, and *Sol. Wade S. Kolb, Jr.,* Sumter, *for respondent.*

Heard Sept. 11, 1984.

Decided Jan. 14, 1985.

SHAW, Acting Associate Justice:

Appellant Henry Hardy, Jr. was indicted for murder, convicted of voluntary manslaughter in the death of his wife and sentenced to twenty-six years in prison. On appeal Hardy claims the trial court erred in denying his counsel's motion to be present at a court ordered psychiatric examination, and in charging the jury that a defendant must prove self defense by a preponderance of the evidence. We affirm.

On July 31, 1982, appellant and his wife had an argument. During the argument, the wife threatened appellant with a knife. Appellant struck his wife on the head with an axe several times which ultimately caused her death. Following the homicide, Hardy was committed to the South Carolina State Hospital for an examination to determine his capacity to stand trial and his ability to distinguish right from wrong. On August 29, 1982, Dr. Alberto Gonzales-Acevedo evaluated Hardy and concluded that although he was not competent to assist counsel, he was capable of distinguishing right from wrong at the time of the homicide. In October of 1982, Dr. Karl Doskocil, or a member of his staff, examined Hardy at the State Hospital and determined he was capable of assisting in his defense and distinguishing right from wrong at the time of the homicide. On December 2, 1982, the day of trial, Dr. Acevedo again evaluated Hardy in Sumter County, and concluded he was competent to stand trial. The doctor testified Hardy was capable of understanding the charges against him,

was capable of communicating with his counsel and was aware of the proceedings against him. The doctor testified he was fully oriented, alert, knew what he was doing in court, knew the roles of all the parties, the solicitor, the judge, and he knew the alternatives he had in court. He was in good touch with reality, however, some depression was detected but that was attributable to the effect of the overall event.

I.

Before the December 2 examination, Hardy's counsel moved that they be permitted to be present in the room with the psychiatrist and their client during the evaluation. The trial court denied the motion.

The Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defense." The United States Supreme Court has held this guarantee extends to all "critical stages" of prosecutions. *Powell v. Alabama*, 287 U. S. 45, 66, 53 S. Ct. 55, 63, 77 L. Ed. 158 (1932). This court has defined a critical stage as one at which procedural steps are taken or at which events transpire that are likely to prejudice the ensuing trial. *State v. Williams*, 263 S. C. 290, 210 S. E. (2d) 298, 300 (1974). Under this test a court ordered psychiatric examination is not a critical stage because procedural steps are not taken and no events take place that are likely to prejudice the defense. Psychiatric evaluations are not adversarial proceedings and defendants are not asked to plead to charges or to make statements to be used at trial. *State v. Buchanan*, 279 S. C. 194, 304 S. E. (2d) 819, 820-821 (1983). *See Presnell v. State*, 241 Ga. 49, 243 S. E. (2d) 496, 505 (1978), *cert. denied* [on this issue], 439 U. S. 14, 99 S. Ct. 235, 58 L. Ed. (2d) 207 (1978); *Strickland v. State*, 247 Ga. 219, 275 S. E. (2d) 29 (1981), *cert. denied*, 454 U. S. 882, 102 S. Ct. 365, 70 L. Ed. (2d) 192 (1982); *Godfrey v. Francis*, 251 Ga. 652, 308 S. E. (2d) 806, 812 (1983). The presence of counsel is not only unnecessary from a constitutional standpoint, it is also undesirable from a clinical perspective, for it would undoubtedly hinder the psychiatrist from effectively examining the defendant. *See Godfrey*, 308 S. E. (2d) 812. *See generally*, Comment, The Right of Counsel During Court-Ordered Psychiatric Examinations of Criminal Defendants, 26 Vill. L. Rev. 135 (1980-81); Annot. 3 A. L. R. 4th 910

(1981). Appellant has not demonstrated that this procedure is a "critical stage" of the proceeding which would trigger the right to counsel. Nothing appellant said to the psychiatrist was used against him in an incriminating manner. Moreover, defense counsel had ample opportunity to cross examine the psychiatrist.

## II.

In his instructions to the jury the judge made the following charge: "The defense of self defense is an affirmative defense, and the burden is on the defendant to establish it by the greater weight or preponderance of the evidence, but not beyond a reasonable doubt." Hardy contends that requiring him to show self defense by preponderant evidence violates his constitutional right to due process. We again adhere to our reasoning in *State v. Bolton*, 266 S. C. 444, 223 S. E. (2d) 863, 865-866 (1976) and hold the plea of self defense as an affirmative defense does not deprive a defendant of due process. In *State v. Davis*, S. C., 317 S. E. (2d) 452, 453 (1984), this court approved a new charge for use in self defense cases. We hold the charge in the instant case substantially embraces all elements of the *Davis* charge and that the charge is neither contradictory nor confusing.

We note a recent federal case where the district court instructed the jury that while the defendant had the burden of proving self defense by preponderant evidence, the prosecution had to prove beyond a reasonable doubt the killing had been willful. The Fourth Circuit reversed the conviction on the ground the charge was contradictory and confusing. Although the court questioned the South Carolina rule *in dicta*, it observed the United States Supreme Court has never ruled on "how the [Due Process Clause of the] Constitution requires us to deal with an affirmative defense [such as self defense] which constitutes . . . a complete refutation of the existence of the crime in the first place." *Thomas v. Leeke*, 725 F. (2d) 246 (4th Cir. 1984), *cert. denied,* _____ U. S. _____ , 105 S. Ct. 218, 83 L. Ed. (2d) 148 (U. S. Oct. 1, 1984).

Affirmed.

NESS, Acting C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.