481 S.E.2d 429

STATE of South Carolina ex rel. Michael CARTER; Michael Carter, as citizen and taxpayer of the State of South Carolina, of whom Michael Carter, as citizen and taxpayer of the State of South Carolina is, Appellant,

v.

The STATE of South Carolina, The South Carolina Department of Revenue and Taxation, T. Walter Brashier, Thomas Roe, Ronald L. Cobb, Richard E. Greer and Kenneth A. Kinard, of whom The State of South Carolina and The South Carolina Department of Revenue and Taxation are, Respondents.

No. 24570.

Supreme Court of South Carolina.

Heard Nov. 19, 1996.

Decided Feb. 3, 1997.

Paul R. Perkins, David A. Fedor, and John D. Elliott, Columbia, for Appellant.

General Counsel Harry T. Cooper, Jr., Chief Counsel for Revenue Litigation Ronald W. Urban, and Counsel for Revenue Litigation Jeffrey M. Nelson, all of the South Carolina Department of Revenue and Taxation, Columbia, for Respondents.

TOAL, Justice:

Appellant Michael Carter ("Taxpayer") appeals the circuit court's order rejecting his challenge to certain South Carolina capital gains tax legislation. We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

This lawsuit concerns state capital gains tax legislation passed in 1988, 1989, and 1991. Specifically, Taxpayer challenges the constitutionality of Act No. 658, 1988 S.C. Acts,

Part II, section 27 ("Act 658"), which was enacted by the General Assembly on June 8, 1988.

The roots of Act 658 may be traced back to the enactment by the United States Congress of the Federal Tax Reform Act of 1986, a comprehensive restructuring of the Internal Revenue Code ("IRC") signed into law on October 22, 1986. Among the changes made to the IRC by the Tax Reform Act was a repeal of the 60% capital gains deduction and a change in the top tax rate for capital gains income. The elimination of the federal capital gains deduction became effective on January 1, 1987.

Beginning in 1985, South Carolina began conforming most of its income tax laws to the federal laws found in the IRC. Each year South Carolina adopts the IRC as it has been updated during the previous year. For example, on May 21, 1985, South Carolina adopted the IRC as amended through December 31, 1984, effective for tax years beginning after December 31, 1984. In other words, South Carolina retroactively adopts the provisions of the IRC.

South Carolina adopted the IRC, including the Federal Tax Reform Act of 1986 with all of its effective dates, in Act No. 170, 1987 S.C. Acts, part II, section 25, subsection A, which became law on June 22, 1987, and was effective for tax years after December 31, 1986. Under this law, any capital gains realized on or after January 1, 1987 were no longer entitled to the capital gains tax deduction. The practical effect of the retroactive elimination of the capital gains deduction was that persons who had realized capital gains between January 1 and June 22, 1987 had expected to receive the capital gains tax deduction, but did not actually receive it when they filed their 1987 state tax returns.

Act 658 was enacted at least partly in response to the retroactive elimination of the capital gains tax deduction. Act 658 provided for a reinstatement of the tax deduction for capital gains realized between January 1, 1987 and January 31, 1988. Act 658 also provided for refunds, to be paid in 1990 and 1991, for the capital gains taxes that had been paid for gains realized during 1987 through January 1988. One of Taxpayer's contentions about Act 658 was that its passage in

the General Assembly was secured through bribery and that, but for such bribery, the legislation never would have passed.

In 1989, the General Assembly amended Act 658 to change the dates for which a deduction would be available. Under the 1989 Amendment, only capital gains realized before June 22, 1987—the date of the original retroactive "increase" in capital gains taxes—would be eligible for the tax deduction. A 1991 amendment reduced by half the size of the refund each affected taxpayer would receive and also made ineligible for the tax deduction any person convicted of a felony in connection with the enactment or amendment of Act 658.

Taxpayer's Complaint alleges five causes of action. The first two were brought on behalf of the State of South Carolina, and the trial court's order disposes of these two claims on the basis that Taxpayer could not bring an action on behalf of the State. Taxpayer does not appeal the ruling as to the first two causes of action. Taxpayer brought the last three in his capacity as a citizen and taxpayer. These three causes of action seek a declaration that Act 658 is unlawful and unconstitutional and request a writ of mandamus to compel Defendant South Carolina Department of Revenue and Taxation ("Department of Revenue") to collect the refunds given to taxpayers affected by the capital gains tax deduction. Importantly, Taxpayer's constitutional arguments concern Act 658 as originally enacted and do not take into account the effect of the 1989 and 1991 Amendments.

The circuit court granted the defendants' motion to dismiss, finding, *inter alia*, that the action was moot and that Taxpayer lacked standing to bring the action. Taxpayer appeals the trial court's dismissal of the final three causes of action.

## LAW/ANALYSIS

On appeal, Taxpayer argues the trial court erred in: (1) finding Taxpayer's challenge to the constitutionality of Act 658 was moot; (2) finding Taxpayer lacked standing to challenge the constitutionality of Act 658; (3) finding Act 658 and its amendments served a public purpose; (4) finding Act 658 and its amendments were not unconstitutional as special legislation; (5) finding mandamus was not available as a remedy in this action; and (6) finding certain necessary parties were not

joined in the action. Although Taxpayer has standing to challenge the constitutionality of Act 658, we find such a challenge moot in light of the subsequent amendments to the statute. Given the lack of any justiciable controversy, we decline to reach the remaining issues raised by Taxpayer.

■ Taxpayer first argues the trial court erred in dismissing the challenge to Act 658 as moot. We disagree.

Importantly, Taxpayer does not challenge the constitutionality of the amendments to Act 658.[1] Rather, Taxpayer argues the Court must consider Act 658 as originally enacted, ignoring any subsequent amendments to or modifications of the legislation. According to Taxpayer, if Act 658 standing alone is unconstitutional, then the subsequent amendments to it must be treated as if they never existed.

■ Taxpayer's argument reflects a fundamental misapprehension of the current state of the law. Under South Carolina law, an amended statute should be construed "as if the original statute had been repealed, and a new and independent Act in the amended form adopted." *Windham v. Pace*, 192 S.C. 271, 284, 6 S.E.2d 270, 275–76 (1939). This rule mandates that the constitutionality of Act 658 not be considered in isolation from the amendments thereto, particularly where, as here, the amendments remedy what Taxpayer asserts are the offending provisions in the original legislation. Because Taxpayer poses

---

1. Taxpayer's Complaint does state that Act 658 and its amendments are unconstitutional. However, the averments on this matter all discuss Act 658 without reference to the ways in which it was amended. In other words, Taxpayer appears in his Complaint to be arguing that the amendments should be declared unconstitutional simply because Act 658 as originally enacted was unconstitutional. Taxpayer's brief also takes this position.

At oral argument, however, Taxpayer attempted to change his position by arguing that the statute, even as amended, serves no public purpose and is therefore unconstitutional. First, we are unwilling to entertain an argument raised for the first time at oral argument. Second, we find that the legislation, as amended, has a public purpose.

Finally, there is currently pending before this Court a case in which certain taxpayers challenge the constitutionality of the 1991 amendment to Act 658. *Rivers v. South Carolina Department of Revenue*, 94–CP–10–3001 through 3004. In light of Taxpayer's failure to present any genuine challenge to the constitutionality of the amendments, as well as the pending appeal in *Rivers*, it would be premature for us to address in any great detail the constitutional issues.

no challenge to Act 658 *as amended,* this action is moot. Act 658 as originally enacted no longer exists, and many of the provisions of that act that Taxpayer finds offensive, such as the "arbitrary" time period for special capital gains treatment, have been modified or eliminated. The subsequent legislation also addresses other concerns voiced by Taxpayer, such as the preferential tax treatment of those who may have committed crimes in connection with the passage of Act 658. Given the ways in which the subsequent legislation cures the alleged infirmities of Act 658, and given Taxpayer's failure (until oral argument) to challenge the constitutionality of the amendments, the circuit court correctly found this action moot.

■ Taxpayer cites *Dean v. County of Spartanburg,* 59 S.C. 110, 37 S.E. 226 (1900), for the proposition that whenever a statute itself is unconstitutional, all amendments to the statute are likewise unconstitutional and must be treated as if they never existed. In our view, *Dean* addresses an entirely different issue from that raised here. In that case, the General Assembly had enacted legislation that provided sheriffs with a twenty cent per day/per prisoner limit on prison meals. However, the same piece of legislation exempted several counties in the state, including Spartanburg County, from the twenty cent limit. Subsequent amendments removed the exemption for Spartanburg County and provided a twenty-five cent limit for Charleston and Aiken counties.

The South Carolina Supreme Court found the original legislation unconstitutional as special legislation and concluded that "it necessarily follows that the acts amendatory thereof are without force and effect." *Id.* at 114, 37 S.E. at 228. Importantly, however, the amendments to the original legislation in *Dean* simply added or removed counties from the twenty cent limit; that is, the amendments did nothing to change the unconstitutional character of the original legislation. *Cf. Paris Mountain Water Co. v. City of Greenville,* 110 S.C. 36, 61, 96 S.E. 545, 552 (1918) ("[I]t is too broad a statement to say that a statute which fails in some even essential features to come up to all the requirements of the Constitution may not be amended.... A deduction that a subsequent act by amendment might not supply that [material necessary to make the statute constitutional] would be manifestly contrary to good sense, and we think contrary to law."). In contrast, the

amendments in the present case effect major changes in Act 658 and, in fact, remedy those features about which Taxpayer complains. Under these circumstances, Act 658 must not be considered in isolation from its amendments.

All of the issues raised in this action have been rendered moot by the 1989 and 1991 Acts amending Act 658. Accordingly, the decision of the circuit court is **AFFIRMED.**

FINNEY, C.J., and MOORE, WALLER and BURNETT, JJ., concur.