**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Care and Treatment of Carl Matthew Asquith, Appellant.

Appellate Case No. 2014-001235

Appeal From Lexington County
James R. Barber, III, Circuit Court Judge

Unpublished Opinion No. 2017-UP-262
Heard March 8, 2017 – Filed June 28, 2017

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

**PER CURIAM:** Carl M. Asquith appeals his order of commitment to the Department of Mental Health for long-term control, care, and treatment following a jury finding he satisfied the definition of a sexually violent predator (SVP) pursuant to the SVP Act. Asquith argues the trial court erred in failing to suppress evidence gathered by an expert retained by the State, in violation of his due process rights and his statutory right to an attorney, based upon the fact he was transported

and evaluated on three occasions for this evaluation without the benefit of notification to or the presence of his attorney.  We affirm.

In his brief, Asquith argues he and others facing commitment under the SVP Act have a due process and statutory right to counsel.  He maintains his due process and statutory right to counsel were violated when the State transported him across several counties on three separate occasions to be evaluated by the State's psychiatrist without notifying his counsel or allowing his counsel to be present at the evaluations.  While acknowledging our courts have held a criminal defendant has no Sixth Amendment right to counsel at a competency evaluation, Asquith argues the evidence collected during the testing and the evaluation by the State's expert in this civil commitment proceedings was used by the expert to determine he met the criteria of an SVP.  Additionally, he contends he was asked to sign numerous consent forms and waivers without the advice of counsel before or during the evaluation, which violated his due process and statutory right to counsel.

First, we agree with Asquith that he enjoys both a statutory right to counsel under the SVP Act, as well as a constitutional due process right to counsel.  *See* S.C. Code Ann. § 44-48-90(B) (Supp. 2016) ("At all stages of the proceedings under this chapter, a person subject to this chapter is entitled to the assistance of counsel, and if the person is indigent, the court must appoint counsel to assist the person."); *In re Care & Treatment of Chapman*, 419 S.C. 172, 179, 796 S.E.2d 843, 846 (2017) ("[G]iven the significant due process implications inherent in civil commitments, we find section 44-48-90's right to counsel is not merely a statutory right, but also a constitutional one arising under the Fourteenth Amendment and the South Carolina Constitution.").  However, the question remains whether such entitle him to the right to counsel at the evaluation performed at the behest of the State.

As to any statutory right to counsel, Asquith does not distinguish between this right and his constitutional right to counsel in his appellate brief, but simply argues he is entitled to both and maintains both were violated by the State's failure to notify counsel or allow counsel's presence during the evaluation.  He does not attempt to analyze the statutory scheme or explain why the absence of counsel at the evaluation violated his right to an attorney under the statute as opposed to his constitutional right to an attorney.  Asquith points to no provision in the SVP Act, nor have we found one, which specifically requires the presence of counsel at an

evaluation performed pursuant to the Act.[1]  He does not specify how his statutory right to counsel was violated, but generally makes this argument in conjunction with his due process right to counsel argument.  Accordingly, aside from his argument made in conjunction with his due process right to counsel, any assertion that Asquith had a separate statutory right to counsel at his evaluation that was violated under the terms of the statute is abandoned.  *See State v. Addison*, 338 S.C. 277, 285, 525 S.E.2d 901, 906 (Ct. App. 1999) ("Conclusory arguments constitute an abandonment of the issue on appeal."), *aff'd as modified*, 343 S.C. 290, 540 S.E.2d 449 (2000).

As to Asquith's constitutional right to counsel argument, we find no reversible error.  "The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." *In re Care & Treatment of Corley*, 353 S.C. 202, 205, 577 S.E.2d 451, 453 (2003).  "An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." *In re Care & Treatment of Gonzalez*, 409 S.C. 621, 628, 763 S.E.2d 210, 213 (2014) (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000)).  "Once it is determined that due process applies, the question remains what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  "[T]he phrase [due process] expresses the requirement of 'fundamental fairness,' a requirement whose meaning can be as

---

[1] Asquith's appellate counsel argued at oral argument that the SVP Act includes three stages of proceedings—(1) the probable cause hearing; (2) the pre-commitment evaluation; and (3) the trial—and by using the term "all stages of the proceedings" in section 44-48-90(B), implicit in the legislative intent is the right to the presence of an attorney at the pre-commitment evaluation.  We decline to rule on this assertion.  First, this argument was never made to the trial court.  *See S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) (providing an argument cannot be raised for the first time on appeal but must be raised to and ruled upon by the trial court to be preserved).  Additionally, Asquith did not argue this in his appellate brief.  *See State ex rel. Carter v. State*, 325 S.C. 204, 208 n.1, 481 S.E.2d 429, 430 n.1 (1997) (providing the appellate court would not entertain an argument raised for the first time at oral argument); *State v. Spears*, 393 S.C. 466, 486, 713 S.E.2d 324, 334 (Ct. App. 2011)  (declining to address an argument raised for the first time during oral argument and not addressed in the appellate brief); *Bochette v. Bochette*, 300 S.C. 109, 112, 386 S.E.2d 475, 477 (Ct. App. 1989) ("An appellant may not use . . . oral argument . . . as a vehicle to argue issues not argued in the appellant's brief.")

opaque as its importance is lofty." *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N.C.*, 452 U.S. 18, 24 (1981). "Due process is violated when a party is denied fundamental fairness." *Hipp v. S.C. Dep't of Motor Vehicles*, 381 S.C. 323, 325, 673 S.E.2d 416, 417 (2009). "[T]he requirements of due process in a particular case are dependent upon the importance of the interest involved and the circumstances under which the deprivation may occur." *S.C. Dep't of Soc. Servs. v. Beeks*, 325 S.C. 243, 246, 481 S.E.2d 703, 705 (1997).

Asquith was being represented by counsel at the time of the evaluation and his counsel was notified the State was exercising its right to an independent evaluation prior to the evaluation. Asquith does not explain why his counsel could not adequately advise him and protect his rights without being physically present during the evaluation or how counsel's absence at that time invalidated the examination or precluded him from challenging the testimony of the State's expert, Dr. Mulbry. Asquith argues evidence collected during his testing and interview at the Medical University of South Carolina was used by Dr. Mulbry in reaching his opinion on his status as an SVP, and that he was asked to sign consent forms and waivers. However, Asquith has not shown how he was harmed by counsel's absence during his evaluation. First, the statute provided the State the right to have an independent evaluation performed on Asquith, which included "reasonable access" to him for purposes of the evaluation. *See* S.C. Code Ann. § 44-48-90(C) (Supp. 2016) ("Upon receipt of the evaluation issued by the court appointed expert as to whether the person is a sexually violent predator pursuant to Section 44-48-80(D), the person or the Attorney General may retain a qualified expert to perform a subsequent examination. All examiners are permitted to have reasonable access to the person for the purpose of the examination . . . .").[2] The mere fact that Dr. Mulbry interviewed Asquith and tests were performed on Asquith incidental to the evaluation without the presence of counsel does not demonstrate that evidence was collected that prejudiced or harmed Asquith in violation of his due process rights. Asquith does not indicate he was deprived of any report from Dr. Mulbry on his evaluation or the ability to depose Dr. Mulbry regarding the evaluation prior to his trial, or was in any other manner hampered by an inability to challenge any of the evidence collected during his evaluation. If Asquith wished to challenge Dr. Mulbry's conclusions or the manner in which the mental examination was conducted, he had the opportunity to do so through cross-examination of Dr. Mulbry and through the testimony of his own witness, Dr. Gehle. Additionally,

---

[2] Asquith does not challenge this, or any other provision of the SVP Act, as unconstitutional.

Asquith points to no objectionable testimony from Dr. Mulbry and fails to cite to specific evidence that was obtained by Dr. Mulbry in an improper manner, or that would not have been obtained had counsel been present. Asquith fails to explain how counsel's absence during the independent evaluation invalidated the evaluation or precluded him from challenging Dr. Mulbry's testimony at trial. At any rate, we agree with the State that the record reveals Dr. Mulbry's opinion that Asquith met the criteria of an SVP was premised most heavily on the pattern of deviant sexual behavior documented in the records and reports from his underlying criminal matter and not from the tests[3] or Dr. Mulbry's interview of Asquith. *See id.* (providing examiners retained by the State to perform an independent evaluation are permitted not only reasonable access to the person for the examination, but also "access to all relevant medical, psychological, criminal offense, and disciplinary records and reports"). Notably, the burden is on Asquith to show he was prejudiced by counsel's exclusion from his evaluation. *See Davis v. Parkview Apartments*, 409 S.C. 266, 282, 762 S.E.2d 535, 543 (2014) ("The appealing party bears the burden of demonstrating that the lower court abused its discretion."); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) ("Mere allegations of error are not sufficient to demonstrate an abuse of discretion. On appeal, the burden of showing abuse of discretion is on the party challenging the trial court's ruling."); *id.* at 363, 444 S.E.2d at 515 (providing appellant has the burden of showing both error and prejudice). Importantly, our courts have recognized the presence of counsel in a psychiatric examination is "undesirable from a clinical perspective, for it would undoubtedly hinder the psychiatrist from effectively examining the defendant," thereby defeating the purpose of the examination. *State v. Hardy*, 283 S.C. 590, 592, 325 S.E.2d 320, 322 (1985). Under these circumstances, Asquith has not shown he was deprived of fundamental fairness based upon counsel's absence during the independent evaluation. Thus, we find no error in the trial court's denial of Asquith's motion to suppress and the decision of the trial court is

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[3] In fact, at least two of the tests performed for Dr. Mulbry's evaluation—the SSI III and the Static 99R tests—were actually favorable to Asquith's position. As to the other test results discussed by Dr. Mulbry in his testimony, they were fairly neutral, insignificant, or he found the test result was not valuable.