20205

The STATE, Respondent, v. Lorenzo BOLTON, Appellant.

(228 S. E. (2d) 863)

*Roy T. Stuckey, Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, *for Respondent,* ▮▮

*Roy T. Stuckey, Esq.,* of Columbia, *for Appellant, in Reply.*

April 7, 1976.

LITTLEJOHN, Justice:

Defendant Lorenzo. Bolton was tried for the murder of Willie Mitchell, in the Richland County Court of General Sessions, and found guilty of manslaughter.

He has appealed his conviction, alleging error in three particulars, as follows:

1. Defendant has been denied his right to an effective appeal by the State's failure to preserve a record of the jury argument of the solicitor.

2. The trial judge applied Code §§ 1-65, 26-7.1 and 26-7.2, so as to deprive defendant of his constitutional right to adequately confront witnesses against him; and

3. The trial judge's instruction to the jury that the defendant has the burden of proving self-defense by the preponderance of the evidence, deprived defendant of due process of law.

Upon a review of the record in this case, we conclude there is no reversible error and affirm the verdict of the lower court.

At trial, the State called to the witness stand two young women who had seen the shooting of Mitchell. They testified that Mitchell had parked his taxicab on Liberty Street, next to a public telephone booth, and was checking a tire when a dark-colored car pulled up alongside of him. Within a few seconds, a shot was heard. Mitchell was seen running across the street, clutching his chest, as the car drove off.

Defendant testified that Mitchell had hailed him to stop and that he did so only because Mitchell owed him $400.00 and he thought Mitchell was going to pay this debt. When he stopped, defendant claims Mitchell approached his car, accusing him of being a drug addict. Defendant claimed he saw a gun in Mitchell's hand and that he reached for his own gun and shot once.

A police investigator, testifying for the State, stated that no weapon was found on Mitchell or in the vicinity of the shooting.

Defendant does not challenge the sufficiency of the evidence to support a verdict of manslaughter. Instead, he alleges the three errors set forth above, as materially prejudicing his right to due process and an effective review on appeal.

First, he asserts that the State has deprived him of an effective appeal because the jury arguments were not recorded and made available to him for the appeal.

Briefs on this issue were filed with this Court before our opinion number 20186 was filed March 10, 1976, in the case of *State v. Williams,* 223 S. E. (2d) 38. In that case, the same counsel, appearing herein, raised the same issue. In *Williams,* we refused to hold that arguments must be recorded in every case. We adhered to the method heretofore set forth in *State v. Meehan,* 160 S. C. 111, 158 S. E. 151

(1931), and in *Crocker v. Weathers*, 240 S. C. 412, 126 S. E. (2d) 335 (1962), whereby a defendant may challenge the argument of counsel and preserve the alleged error for review.

Failure of trial counsel to comply with *Meehan* and *Crocker* would indicate that they did not think that the argument was sufficiently prejudicial to warrant preservation of the record. Whether the procedural rule used in this State is analyzed in terms of due process or equal protection standards, it is obvious that it does not deny a defendant the right to a record of sufficient completeness to provide effective appellate review.

Counsel argues that § 15-1902, Code of Laws of South Carolina (1962), which requires the court stenographer to "take full stenographic notes of all proceedings including the rulings and charge of the court in every trial . . ." mandates that the argument of counsel be recorded. We do not so construe the statute and hold that the argument is without merit.

Next, defendant complains that the trial judge applied Code §§ 1-65, 26-7.1 and 26-7.2, so as to deprive him of his constitutional right to adequately confront witnesses against him.

The three sections essentially provide that where a public employee has taken a written statement from a person in any investigation, that person may not be examined or cross-examined by any "examiner, solicitor, lawyer or prosecuting officer" concerning the statement, nor may it be introduced or used in any manner unless the person giving it has received a copy, signed a receipt for the same and has had a reasonable time to read it over.

Defense counsel, during cross-examination of a woman (who had witnessed the shooting), attempted to impeach her testimony by referring to a written statement she had given police. The trial judge refused to allow counsel to introduce the statement or cross-examine the woman in any

manner concerning it, on the ground that she had not signed a receipt acknowledging having received a copy.

The trial judge's ruling was entirely consistent with our holding in the recent case of *State v. Motes,* 264 S. C. 317, 215 S. E. (2d) 190 (1975).

Finally, defendant complains that the well-established rule in this State, which makes the plea of self-defense an affirmative defense and requires the defendant to prove the elements of the plea by the preponderance of the evidence, deprives him of due process.

Although defendant concedes that this issue was not raised at the trial, he argues that the case of *Mullaney v. Wilbur,* 421 U. S. 684, 95 S. Ct. 1881, 44 L. Ed. (2d) 508 (1975) (decided after the date of his conviction), holds that such a burden cannot be placed on a defendant in a criminal case, and that *Mullaney* must be applied retroactively. We do not agree with either contention.

*Mullaney* was concerned with the Maine rule requiring a defendant, charged with murder, to prove by the fair preponderance of evidence that he acted in the heat of passion, in order to negate the persumption of malice and reduce the crime charged from murder to manslaughter. The court held that placing this burden on the defendant impermissibly relieved the State of its burden to prove beyond a reasonable doubt every factor necessary to constitute the crime charged.

Nowhere in *Mullaney* did the Court hold that requiring a defendant to prove self-defense affirmatively, denies him due process.

Having determined that *Mullaney* does not concern itself with the issue raised on appeal, it is obvious that it is not necessary to discuss the question of retroactivity.

Accordingly, the verdict of the court below is

Affirmed.

LEWIS, C. J., and RHODES and GREGORY, JJ., concur.

NESS, J., concurs in result.