20837

The STATE, Respondent, v. Earl A. McDOWELL, Appellant.

(249 S. E. (2d) 916)

*J. D. Todd, Jr., Albert O. Taylor, Jr.,* and *Harvey G. Sanders, Jr., Leatherwood, Walker, Todd & Mann,* and *Jack L. Bloom,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

December 13, 1978.

*Per Curiam:*

Appellant Earl A. McDowell was convicted of the murder of his sixteen year old son, Charles Mel McDowell, and was sentenced to life imprisonment. On appeal appellant raises five exceptions by which he seeks to have his conviction and sentence reversed. We affirm.

During the evening of May 4, 1977 the appellant, a licensed veterinarian, was called at home by two of his clients and was required to return to his office to treat the clients' animals. Treatment of the animals was completed and the clients left the office. Appellant proceeded to leave the office through the rear door but was met by his son who asked to come in and discuss a matter with the appellant. Once inside the office Mel demanded forty dollars from the appellant.

The demand was refused. Thereafter an altercation occurred.

The appellant testified he was attacked by Mel. The appellant then pulled a handgun which he routinely carried with him when he returned to his office at night and fired a shot over Mel's head. The bullet lodged in a doorway where it was later recovered by the police.

The appellant then fired a second shot which struck Mel in the head. This bullet passed through Mel's head and fragments of it were found lying on the floor of the office.

A third shot was fired which also struck Mel in the head. The appellant stated to the police at the time of his arrest that the third shot was fired after Mel had fallen to the floor. At trial, however, appellant testified the third shot was fired in rapid succession to the second shot while Mel was standing. The third bullet remained lodged in Mel's head and was recovered by the examining pathologist. The pathologist testified that in his medical opinion the third bullet did not exit the skull because at the time of the third shot Mel's head was resting against a hard, flat object.

After firing the third shot, appellant walked outside to Mel's car. He took a blanket out of his son's car and carried it back into the office.

Appellant then drove his son's car to a night club in Greenville frequented by the son, left the car in the parking lot and walked one and 7/10 miles back to the office.

Appellant washed the blood off his son's body with a high pressure hose.[1] Appellant wrapped Mel's body in the blanket he had removed from his son's car, loaded the body in the back of his stationwagon, drove to a public dump area, and deposited the body on the ground between two trash dumpsters. The appellant then returned to his office, washed the area where his son had been shot and went home. Mel's body was discovered later that same night.

On May 18, 1977 several officers of the Greenville Police Department confronted the appellant with the results of their investigations. Appellant confessed to killing his son and was taken into custody.

At trial appellant relied on the defense of self-defense. The jury returned a verdict of guilty of murder and appellant was sentenced to life imprisonment.

On appeal appellant first argues the trial judge erred ■ by permitting the examining pathologist to testify for the State on reply that the victim's head was resting against a hard, flat object at the time the third shot was fired. The basis of this argument is appellant's contention that this testimony should have been introduced during the State's case in chief and was improper reply testimony.

The testimony of the pathologist was in reply to the appellant's testimony that the third shot was fired while the victim was still standing. Until the appellant testified at trial in direct opposition to his earlier statements, the testimony

---

[1] The examining pathologist testified that water was found in both of Mel's lungs and that chloride from the water was found in the left side of the heart, indicating that Mel's heart and lungs were functioning when his body was washed off by the appellant.

of the pathologist was unnecessary. We perceive no abuse of discretion in permitting this testimony on reply.

Second, appellant argues the trial judge erred by refusing to include several requested instructions in the jury charge. Since the charge given adequately covered the substance of appellant's requested charges, the trial judge correctly refused appellant's requests to charge. *U. S. v. Scheper,* 520 F. (2d) 1355 (4th Cir. 1975).

Third, appellant contends the trial judge erred by charging the jury that appellant bore the burden of establishing self-defense by the preponderance or greater weight of the evidence. Appellant argues this instruction was erroneous under *Mullaney v. Wilbur,* 421 U. S. 684, 95 S. Ct. 1881, 44 L. Ed. (2d) 508 (1975).

We held in *State v. Bolton,* 266 S. C. 444, 223 S. E. (2d) 863 (1976) that the *Mullaney, supra,* decision was inapplicable to the requirement that a defendant prove self-defense affirmatively. We adhere to our opinion in *Bolton, supra.*

Fourth, appellant argues the trial judge erred by refusing to permit a clinical psychologist to testify in response to a hypothetical question. The psychologist would have testified that an individual's attempts to cover up his involvement with a crime should not be interpreted as an admission of guilt. We find no abuse of discretion in the trial judge's refusal to admit this testimony. *State v. Hall,* 268 S. C. 524, 235 S. E. (2d) 112 (1977).

Finally, appellant argues the jury's verdict is contrary to the evidence introduced at trial. This argument is patently without merit. The record in this case is replete with evidence sufficient to support a jury verdict of guilty of murder.

Accordingly, appellant's conviction and sentence are affirmed.