20870

The STATE, Respondent, v. Joseph Randolph CROCKER, Appellant.

(25̇1 S. E. (2d) 764)

*Palmer Freeman, Jr.,* Fort Mill, and *B. R. Batts,* Charlotte, N. C., *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes* and *Staff Atty. James M. Holly,* Columbia, and *Sol. William L. Ferguson,* York, *for respondent.*

January 31, 1979

NESS, Justice:

Appellant Crocker stabbed and killed his estranged wife in the presence of several eyewitnesses. The jury found him guilty of murder. We affirm.

■ Initially, appellant asserts the trial court erred in refusing to charge that the State must prove absence of the heat of passion beyond a reasonable doubt, citing *Mullaney v. Wilbur,* 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. (2d) 508 (1975). We disagree.

*Mullaney v. Wilbur* challenged that Maine rule which required a defendant charged with murder to prove by the fair preponderance of the evidence that he acted in the heat of passion, in order to negate the presumption of malice and reduce the crime to manslaughter. The United States Supreme Court held that placing this burden on the defendant impermissibly relieved the State of its burden to prove beyond a reasonable doubt every factor necessary to constitute the crime charged, concluding that the Due Process Clause required the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on provocation.[1]

The mandate of *Mullaney* is inapplicable here. The trial court's refusal to give the requested charge did not shift any of the burden of proof to appellant. The judge repeatedly instructed the jury that the State had the burden of proving appellant's guilt beyond a reasonable doubt. (Tr. pages 88-92 and 95). We conclude the refusal to charge the instructions requested by appellant did not come within the prohibition of *Mullaney v. Wilbur.*

■■ Appellant next challenges the constitutionality of the South Carolina law of implied malice. Malice aforethought may be implied by the jury from the intentional doing of an unlawful act without just cause or excuse. *State v. Fields,* 264 S. C. 260, 214 S. E. (2d) 320 (1975),

---

[1] In *State v. Bolton,* 266 S. C. 444, 223 S. E. 2d 863 (1976) we concluded that requiring a defendant to establish self defense did not violate the due process considerations of *Mullaney v. Wilbur.*

cert. denied, 423 U. S. 925, 96 S. Ct. 269, 46 L. Ed. (2d) 252 (1975); *State v. Henderson,* 74 S. C. 477, 55 S. E. 117 (1906). Malice also may be presumed from the use of a deadly weapon. *State v. Levelle,* 34 S. C. 120, 13 S. E. 319 (1890); *State v. Fuller,* 229 S. C. 439, 93 S. E. (2d) 463 (1956); *State v. Arnold,* 266 S. C. 153, 221 S. E. (2d) 867 (1976).

■ The trial court charged both precepts of implied malice; appellant asserts this violated the rule of *Mullaney v. Wilbur.* We do not believe the South Carolina doctrine of implied malice contravenes the due process requirements of *Mullaney.* The implication arising from the doctrine does not give rise to a conclusive presumption requiring a definite quantum of proof in rebuttal by the defendant. There is no shift of the burden of persuasion to the defendant, as occurred under the Maine rule in *Mullaney.* The resulting implication only *permits* rather than *requires* the jury to infer malice. Accordingly, the doctrine of implied malice in this State is distinguishable from the Maine practice declared unconstitutional in *Mullaney v. Wilbur.*

■ Finally, appellant asserts the trial court erred in denying his request to charge that if the jury found appellant to be under the influence of drugs to such an extent that his ability to act with malice aforethought was impaired, a verdict of voluntary manslaughter was warranted. The trial judge properly refused this request.

■ In *State v. Vaughn,* 268 S. C. 119, 232 S. E. (2d) 328 (1977), we held that voluntary intoxication is not an excuse for, or a defense to a crime. This rule also extends to the voluntary ingestion of drugs. See *State v. Bellue,* 260 S. C. 39, 194 S. E. (2d) 193 (1973); *State v. Blassingame,* 221 S. C. 169, 69 S. E. (2d) 601 (1952); 22 C.J.S. Criminal Law § 72. Therefore, the trial judge was correct in refusing appellant's request to charge.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.