22225

The STATE, Respondent, v. Rosa Ellen GLOVER, Appellant.
(326 S. E. (2d) 150)

Supreme Court

*Daniel A. Beck, Asst. Public Defender,* Lexington, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carlisle Roberts, Jr.,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Heard Dec. 11, 1984.

Decided Jan. 29, 1985.

GREGORY, Justice:

Appellant Rosa Ellen Glover was indicted for murder. She appeals from a manslaughter conviction. We affirm.

At trial, the judge instructed the jury that appellant's claim of self-defense was an affirmative defense and had to be proved by the defendant by a preponderance of the evidence. It was further charged that the State had to prove every element of the crime beyond a reasonable doubt. Glover contends the self-defense charge impermissibly shifted the State's burden of proof in violation of the principles of *In Re Winship,* 397 U. S. 358, 90 S. Ct. 1068, 25 L. Ed. (2d) 368 (1970) and its progeny.

This Court has consistently approved the charge in similar challenges. *State v. Hardy* (S. C), 325 S. E. (2d) 320 (1985); *State v. Finley,* 277 S. C. 548, 290 S. E. (2d) 808 (1982); *State v. Griffin,* 277 S. C. 193, 285 S. E. (2d) 631 (1981); *State v. Linder,* 276 S. C. 304, 278 S. E. (2d) 335 (1981); *State v. Crocker,* 272 S. C. 344, 251 S. E. (2d) 764 (1979); *State v. McDowell,* 272 S. C. 203, 209 S. E. (2d) 916 (1978); *State v. Atchison,* 268 S. C. 588, 235 S. E. (2d) 294, *cert. denied,* 434 U. S. 894, 98 S. Ct. 273, 54 L. Ed. (2d) 181 (1977); *State v. Bolton,* 266 S. C. 444, 223 S. E. (2d) 863 (1976).

This charge, however, has come under a recent attack in the Fourth Circuit. In *Thomas v. Leeke,* 725 F. (2d) 246, *cert. denied,* _____ U. S. _____, 105 S. Ct. 218, 83 L. Ed. (2d) 148 (4th

Cir. 1984), a similar charge was held to be so confusing as to rise it to the level of a constitutional violation; however, the decision noted the United States Supreme Court has never ruled the charge constitutes a due process violation under *Winship.*

The dissent in *Thomas* recognized the constitutionality of the charge under established precedent. Though adhering to the view that the *Thomas* dissent was supported by history and logic, this Court cured the purported constitutional violation complained of by the Fourth Circuit. In *State v. Davis,* 282 S. C. 45, 317 S. E. (2d) 452 (1984), we approved a new charge on self-defense.

We find no error in the charge below under the principles of *State v. Bolton, supra,* and affirm appellant's conviction on this issue. *See State v. Hardy, supra,* and *State v. Davis, supra.* We hold, however, the charge approved in *Davis* shall be applied in all cases tried subsequent to the date of that decision, so long as a contemporaneous objection was made at trial.

Appellant also alleges error in the solicitor's comments on her post-arrest silence in his closing argument. While these comments appear to violate the principles of *State v. Woods,* 282 S. C. 18, 316, S. E. (2d) 673 (1984), they were clearly harmless because no objection was made to similar comments made earlier at trial.

Affirmed.

LITTLEJOHN, C. J. and NESS, HARWELL and CHANDLER, JJ., concur.