888 F.2d 1385
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clifton Joe CAMPBELL, Petitioner-Appellee,
v.
Frank H. HORTON, Jr., Warden, State of South Carolina,
County of Pickens, and the Attorney General of
South Carolina, Respondent-Appellants.
 No. 88-7796.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1989.
Decided Oct. 18, 1989.
 
 Donald John Zelenka, Chief Deputy Attorney General (T. Travis Medlock, Attorney General on brief) for appellants.
 Julius C. Nicholson, Jr. (Epps, Krause & Nicholson on brief) for appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and K.K. HALL and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The question presented is whether appellee Clifton Joe Campbell was entitled to federal habeas corpus relief from a murder conviction on the ground that South Carolina law requiring a defendant to bear the burden of proving self defense violated the Due Process Clause. Because this Court's recent decision in Smart v. Leeke, 873 F.2d 1558 (4th Cir.1989) (en banc), forecloses this claim, we reverse the district court's grant of relief.
 
 I.
 
 2
 Appellee was convicted in 1984 by a South Carolina jury of murdering Pat Swayngham by intentionally setting him on fire. Appellee claimed that he went to Swayngham's welding shop on the day in question and confronted Swayngham about his alleged rape of appellee's wife. Appellee claimed that Swayngham, a bigger man, attacked him. Appellee then threw some unknown liquid on Swayngham and ran away. The liquid turned out to be gasoline, which ignited when it came into contact with Swayngham's welding torch. Swayngham, who lived for some two months after he was burned, told several witnesses that appellee had in fact purposely thrown gasoline on him and lit him on fire. Swayngham managed to put himself out, and appellee then poured more gasoline on him and lit him again. Physical evidence and trial testimony indicated that appellee tried to murder Swayngham and make the crime look like a welding accident.
 
 
 3
 Appellee presented a claim of self defense at trial. The trial court gave a self-defense instruction that placed on appellee, the defendant, the burden of establishing by a preponderance of the evidence the four elements of self-defense under South Carolina law. The jury was also charged, however, that the State bore the burden of establishing the elements of murder beyond a reasonable doubt.
 
 
 4
 In his 1985 appeal to the South Carolina Supreme Court, appellee asserted two challenges to the instructions. First, he contended that placing the burden of proving self-defense on the defendant violated due process. Second, he claimed that an instruction that the State bore the burden of establishing all the elements of murder, but that the defendant bore the burden of establishing self-defense, was so inherently contradictory and confusing that it violated due process. For this claim he relied on Thomas v. Leeke, 725 F.2d 246 (4th Cir.1984). The South Carolina Supreme Court denied relief.
 
 
 5
 Appellee then filed a petition for habeas corpus in federal district court, renewing the claims made on appeal. A magistrate issued a report finding that appellee's due process claims were foreclosed by the United States Supreme Court's decision in Martin v. Ohio, 480 U.S. 228 (1987), which held that placement of the burden of proving self-defense on the defendant did not violate due process. A panel of this Court, however, subsequently issued an opinion in a South Carolina case, Smart v. Leeke, 856 F.2d 609 (4th Cir.1988), which distinguished Martin and held that South Carolina's placement of the burden of proof on defendants violated due process. On October 6, 1988, the district court in this case granted habeas relief, relying solely on the panel opinion in Smart.
 
 II.
 
 6
 While appellee's case was pending on appeal, this Court granted rehearing en banc in Smart. The Court en banc has now held that the placement on the defendant of the burden of proving self-defense under South Carolina law as it applied in appellee's trial was not a violation of due process. Smart v. Leeke, 873 F.2d 1558 (4th Cir.1989) (en banc). The en banc opinion in Smart plainly forecloses appellee's due process argument. Similarly, appellee cannot now contend that the South Carolina court's self defense instruction was impermissibly contradictory and confusing. His claim for relief on this ground under Thomas, supra, was foreclosed by Martin and Smart. See Martin, 480 U.S. at 234-35 n.*.; Smart, 873 F.2d at 1564-1565.
 
 
 7
 Because the district court granted appellee's motion for summary judgment on the ground that the jury instructions on self-defense violated appellee's right to due process, the court did not address any of appellee's other claims. See Petition for Writ of Habeas Corpus (filed Sept. 3, 1986) at 5-6, Joint Appendix at 7-8. Accordingly, we reverse the district court's grant of relief and remand with instructions to the district court to reconsider these remaining claims.
 
 
 8
 REVERSED AND REMANDED.