**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

John Lee Hogan, Appellant.

Appellate Case No. 2012-208526

———————————

Appeal From Marlboro County
Howard P. King, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-369
Submitted August 1, 2014 – Filed November 5, 2014

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Kaycie S. Timmons, all of Columbia; and Solicitor William B. Rogers, Jr., of Bennettsville, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. McMillan*, 400 S.C. 298, 302, 734 S.E.2d 171, 174 (Ct. App. 2012) ("In criminal cases, the appellate court sits to review errors of law only and is bound by the trial court's factual findings unless they are clearly erroneous."); *State v. White*, 382 S.C. 265, 269, 676 S.E.2d 684, 686 (2009) ("A trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion."); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. Crocker*, 272 S.C. 344, 346, 251 S.E.2d 764, 766 (1979) ("[V]oluntary intoxication is not an excuse for, or a defense to a crime. This rule also extends to the voluntary ingestion of drugs."); *State v. Cole*, 338 S.C. 97, 101, 525 S.E.2d 511, 513 (2000) ("Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation. . . . The sudden heat of passion . . . must be such as would naturally disturb the sway of reason, and render the mind of an ordinary person incapable of cool reflection[.]" (citations and internal quotation marks omitted)); *State v. Knoten*, 347 S.C. 296, 303, 555 S.E.2d 391, 395 (2001) ("Even when a person's passion has been sufficiently aroused by a legally adequate provocation, if at the time of the killing those passions had cooled *or* a sufficiently reasonable time had elapsed so that the passions of the *ordinary reasonable person would have cooled*, the killing would be murder and not manslaughter." (emphasis added)).

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.